UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60497-CIV-ROSENBAUM/SELTZER

CLIFFORD B. ORETSKY,

    Plaintiff,

v.

INFINITY INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

    This matter is before the Court on Plaintiff's Reply to Infinity's Response in Opposition to Plaintiff's Motion for Summary Judgment ("Reply") [D.E. 48]. Previously, the Court entered its Order granting Defendant Infinity Insurance Company's ("Infinity") Amended Motion for Summary Judgment and denying Plaintiff Clifford B. Oretsky's Motion for Summary Judgment ("Order"). *See* D.E. 46. Following the Court's issuance of its Order and before Plaintiff filed his Reply, Plaintiff contacted the Court to advise the Court that it had failed to wait for Plaintiff's Reply before denying Plaintiff's Motion for Summary Judgment.

    Plaintiff's Reply was due today. Before the Court issued its Order, Plaintiff filed a document entitled, "Plaintiff's Reply to Infinity's Statement of Material Facts in Opposition to Plaintiff's Motion for Summary Judgment ("Reply Statement of Facts") [D.E. 45], which this Court reviewed and addressed in its Order. Local Rule 56.1, S.D. Fla., requires a party opposing summary judgment who contends that facts beyond those set forth by the moving party are material, to number the additional proposed material facts and place them at the end of its response to the moving party's

statement of material facts.  The moving party is then directed to "use that numbering scheme if those additional facts are addressed in the reply."  *Id.*  Plaintiff's Reply Statement of Facts not only responded to the new facts set forth by Infinity in its Statement of Material Facts in response to Plaintiff's Statement of Material Facts in support of his Motion for Summary Judgment, as permitted by the Local Rules, but also went back and readdressed the Material Facts that Plaintiff originally submitted in support of his Motion for Summary Judgment — something that is not authorized by the Local Rules.

In addition, the Reply Statement of Material Facts made extensive argument in readdressing the Material Facts originally set forth in support of the Motion for Summary Judgment.  For example, in discussing Material Facts 4 through 6, which were included in the original Statement of Material Facts, Plaintiff wrote,

> The policy contains a **COLLECTIBLE VEHICLE ENDORSEMENT** . . . [.] The endorsement begins with a definition of terms.  Initially, the endorsement replaces the definitions for I. **Trailer**, J. **your covered auto**, and K. **Newly acquired auto**.  Next, the endorsement adds definitions for L. **Collectible vehicle**, M. **Antique vehicle**, N. **Classic vehicle**, O. **Modified vehicle**, and P. **Exotic vehicle**.  Although definition K. **Newly acquired auto** indicates that a newly acquired auto must be a collectible vehicle, neither the physical placement nor the content of the paragraph K reflects that the definition L. **Collectible vehicle** is intended to apply solely to **newly acquired auto**.  Had this been the intent of the drafter, the definition of collectible vehicle would have been included in paragraph K. **Newly acquired auto**, rather than a separate and distinct paragraph L. **Collectible vehicle**.  In addition, the definition of collectible vehicle would have stated that a collectible vehicle was a *newly acquired* antique, class, modified, or exotic vehicle.  By creating a separate paragraph L for the definition of **Collectible vehicle** and excluding from the definition any reference to newly acquired autos, which are defined in separate paragraph K, the endorsement manifests the intent to give broad scope to the definition of **Collectible vehicle** rather than to confine it to **newly acquired**

> **auto**.
>
> When viewed as a whole, the only thing that sets apart the Infinity policy from a garden variety automobile insurance policy is the **COLLECTIBLE VEHICLE ENDORSEMENT**. Logically, the **COLLECTIBLE VEHICLE ENDORSEMENT** must be limited to collectible vehicles. If it were intended to apply to all vehicles, it would have been denominated as a **BROAD FORM ENDORSEMENT** rather than a **COLLECTIBLE VEHICLE ENDORSEMENT**. The nomenclature used by the drafter communicates the intent to limit the endorsement to collectible vehicles, and Mr. Oretsky's 2010 Maserati four door sedan was not a collectible vehicle. If the **COLLECTIBLE VEHICLE ENDORSEMENT** is inapplicable, then the **ACCEPTABLE VEHICLE USAGE** limitation, which forms part of the endorsement, is inapplicable. The definition of **"Your covered auto"** in the main section of the policy applies . . . , and there is no limitation on mileage, usage, or garaging of the insured vehicle.

D.E. 45 at 1-2. Neither a statement of material facts nor a reply statement of material facts is the appropriate place for a party to make its legal argument (other than incidentally to setting forth the material facts); that is what the memorandum in support of the motion for summary judgment is for.

Because the Reply Statement of Facts again discussed facts set forth in the original Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment and included significant argument, the Court understood Plaintiff's Reply Statement of Facts to constitute Plaintiff's reply brief in support of his Motion for Summary Judgment. Accordingly, after considering the points raised in the Reply Statement of Facts, the Court issued its Order denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment for the reasons explained in detail in the Order.

After the Court issued its Order, Plaintiff then filed his Reply. In the interest of giving Plaintiff every reasonable consideration, the Court has reviewed Plaintiff's Reply and notes that it

raises some of the same arguments addressed by the Reply Statement of Facts — some word for word.  The Court has nonetheless carefully considered Plaintiff's Reply.  Based on the Court's review, the Court respectfully declines to modify its Order, instead finding that the Order as written appropriately addresses the arguments raised by Plaintiff's Reply.

  **DONE** and **ORDERED** at Fort Lauderdale, Florida, this 31st day of December 2012.

                 _____
                 ROBIN S. ROSENBAUM
                 UNITED STATES DISTRICT JUDGE

cc:  The Honorable Ted E. Bandstra
   Counsel of Record